UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DARRYL A. HARRIS,<br><br>          Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>          Respondent. | Civil No. 07-3596 (PAM/AJB)<br><br><br>**REPORT AND RECOMMENDATION** |

This action was commenced by the filing of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

The Court reviewed the habeas corpus petition shortly after this action was commenced, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition was found to be deficient, because it did not bear an original signature of the named Petitioner, as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States Districts Courts. See also Fed. R. Civ. P. 11(a); 28 U.S.C. § 2242. Therefore, by order dated August 7, 2007, (Docket No. 3), the Court directed Petitioner to file an entirely new amended petition that would cure the omission found in his original petition. That order clearly informed Petitioner that if he did not file an amended petition by September 7, 2007, the Court would recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for filing an amended petition has now expired, and no new petition has been received. The Court has received an anomalous submission entitled "Motion Of Explanation Of Unique And Extraordinary Circumstances That Constitutes Excusable Neglect For Delay In Filing Certificate Of Service." (Docket No. 6.) Although that document refers to the Court's prior order of August 7, 2007, it has no discernible relevance to that order. The "Motion" refers to a "delay in filing [a] certificate of service," and seems to request that the delinquency of Petitioner's "certificate of service" be excused. However, the Court's prior order made no reference to any "certificate of service." Instead, the prior order clearly required Petitioner to file an amended habeas corpus petition. Although Petitioner has acknowledged his receipt of the prior order, his recent motion makes no mention of an amended habeas corpus petition, and it does not appear that he intends to file one.

Because Petitioner has not filed an amended petition, and there is nothing to suggest that he intends to file one in the future, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, the Court notes the original habeas corpus petition filed in this case was accompanied by an application to proceed in forma pauperis, ("IFP"). (Docket No. 2). However, the $5.00 filing fee for this case was later paid, (Docket No. 5), and there is nothing to suggest that IFP status was requested for any purpose other than to avoid paying that fee. It is therefore recommended that Plaintiff's IFP application be denied as

moot.  It is further recommended that the most recent motion, regarding the delay in filing a "Certificate of Service," be denied as moot, because Petitioner was never required to file any "Certificate of Service."

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED AS MOOT**;

2. Petitioner's "Motion Of Explanation Of Unique And Extraordinary Circumstances That Constitutes Excusable Neglect For Delay In Filing Certificate Of Service," (Docket No. 6), be **DENIED AS MOOT**; and

3. This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: September 24, 2007

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before October 9, 2007.